Salvador ALCINA, et al. **Plaintiff**

v.

**PCORDER.COM, INC.,
et al., Defendants**

**No. A 01 CA 098 SS.**

United States District Court,
W.D. Texas,
Austin Division.

July 17, 2002.

Leon V. Komkov, Komkov, P.C., Austin, TX, James D. Baskin, III, The Baskin Law Firm, Austin, TX, Paul Geller, Howard K. Coates, Jr., Jack Resise, Cauley, Geller, Bowman & Coates, L.L.P., Boca Raton, FL, for Plaintiff.

Robert M. Boyle, Haynes and Boone, Austin, TX, Noel M. Hensley, Nicholas Even, Haynes and Boone, Dallas, TX, for Defendant.

## ORDER

SPARKS, District Judge.

BE IT REMEMBERED on the 17th day of July 2002, the Court reviewed the file in the above-styled cause, specifically defendants' Motion to Dismiss [# 30], plaintiffs' response [# 34], and defendants' reply [# 34]. After considering the arguments of the parties, the applicable case law, and the record file as a whole, the Court enters the following order and opinion.

## I. Background

Plaintiff Salvador Alcina ("Alcina") brings this class action lawsuit, on behalf of himself and all others similarly situated, pursuant to the Securities Exchange Act of 1934 and the Private Securities Litigation Reform Act (PSLRA). The defendants in this action, which is related to—though procedurally distinct from—three similar class actions also before this Court (styled *Krim, et al., v. pcOrder.com, et al.,* A:00–CA–776–SS), are pcOrder.com ("pcOrder"), Trilogy Software, Inc. ("Trilogy"), and individual defendants Ross Cooley, Cristina Jones, James Luttenbacher, and Carleton Thompson, and Joseph Liemandt.[1] Plaintiffs allege defendants participated in a fraudulent scheme of business, resulting in injury to shareholders, by disseminating materially false and/or misleading statements about pcOrder and concealing material adverse information. Defendants, however, contend plaintiffs' complaint must be dismissed by the Court for failure to state a claim for which relief may be granted.

Plaintiffs filed suit on behalf of all persons who purchased or acquired the common stock of pcOrder between February 26, 1999 and November 6, 2000. In their First Amended Complaint, filed December 3, 2001, plaintiffs allege defendants withheld adverse information from investors to enable pcOrder to conduct its initial public offering (IPO) in March 1999 and secondary offering in December 1999 at artificially inflated prices. The record indicates the pcOrder stock during the IPO was at $21 per share, and $53.31 during the secondary offering. Plaintiffs allege that by the time defendants' "scheme" concluded, pcOrder shares had lost over 96% of their value, with a class period low value of $3.06 per share on October 19, 2000. As a result of defendants' conduct, plaintiffs allege investors suffered millions in dollars in damages.

Plaintiffs contend the registration statements issued by defendants in connection to the IPO and the secondary offering, along with other statements regarding pcOrder's financial health, were false when made and misleading to the reasonable investor. Specifically, plaintiffs allege defendants failed to disclose:

1. pcOrder did not possess a formal business plan, budget or expense controls, or an ability to report accurate operating information;

2. from the IPO onwards, pcOrder was consistently missing deployment dates for products, and that the deployed software was unstable;

3. Trilogy's status as a direct competitor of pcOrder, and that defendant Liemandt was unilaterally deciding whether sales would be generated by Trilogy or pcOrder;

4. pcOrder's daily operations were directed by Trilogy and its chairman,

---

1. Cooley was the CEO and chairman of the board of pcOrder, while Jones was the president and chief operating officer (COO) of the company. Luttenbacher was the vice president and CFO at pcOrder until his resignation in March 2000, at which time he was replaced by Thompson. Liemandt is a director of pcOrder and the CEO and board chairman of Trilogy.

Liemandt, and not pcOrder's own president and CEO;

5. pcOrder improperly recognized over $7.4 million in revenue from Ingram Micro, one of its largest customers, and violated generally accepted accounting principals after pcOrder failed to deliver a workable product to Ingram;

6. deterioration of the relationship between pcOrder and its customers; and

7. pcOrder's failure to sign a significant customer since September 1999.

According to plaintiffs' first amended complaint, the individual defendants named in this lawsuit each sold a share of their holdings of pcOrder stock during the December 1999 offering for extremely lucrative proceeds, and did so while inducing investors to purchase pcOrder stock despite the company's poor financial outlook. For example, plaintiffs allege defendant Cooley sold 50,000 shares of pcOrder stock for gross proceeds of $2.6 million in connection with the December 1999 offering, and in total sold 25% of his holdings (150,-000 shares) for $6.8 million in proceeds. Similarly, defendant Jones sold 80,000 shares, approximately 11% of her holdings, for gross proceeds of $4.2 million. Plaintiffs allege similar returns for defendants Luttenbacher and Thompson. Plaintiffs also point to the financial bonanza reaped by Trilogy as well as its CEO and Chairman of the Board, defendant Liemandt. According to the record, Liemandt, who also served as a director of pcOrder, owned approximately 80% of Trilogy's stock, while Trilogy owned 60–90% of pcOrder stock and 94–97% of the voting rights during the time period relevant to this lawsuit. Plaintiffs allege Trilogy sold more than 2.3 million pcOrder shares in connection with the December 1999 offering, generating gross proceeds of over $126 million.

Ultimately, plaintiffs set forth two claims for relief in this lawsuit. First, plaintiffs assert defendants violated Section 10(b) of the Exchange Act and its Rule 10b–5 in that defendants knew, or recklessly disregarded, a series of material omissions and misrepresentations in the registration statements. Specifically, plaintiffs allege defendants: (1) "knew or had access to material, adverse, non-public information" about pcOrder's financial outlook and business prospects, but did not disclose such information, and (2) "directly or indirectly participated in drafting, reviewing, and/or approving the misleading statements, releases, analyst reports, and SEC filings and other public representations of and about pcOrder." *Plaintiffs' First Amended Complaint,* at 49. Plaintiffs assert that, as a result of defendants' conduct, plaintiffs suffered substantial damages after purchasing pcOrder stock at "artificially inflated prices" in reliance on defendants' statements, and that such stock would not have been purchased but for defendants' conduct. In their second claim for relief, plaintiffs argue defendants violated Section 20(a) of the Exchange Act, as each defendant acted as a controlling person of pcOrder and had the power and authority to cause others to engage in the allegedly wrongful conduct.

Defendants filed a motion to dismiss plaintiffs' claims based on the contention plaintiffs failed to allege actionable misrepresentations and omissions. Also, defendants argue plaintiffs cannot plead scienter as required in prevailing case law, nor have plaintiffs plead facts to establish loss causation. Ostensibly as a response to defendants' motion, plaintiffs filed their first amended complaint. Subsequently, defendants filed a reply brief arguing the amended complaint contains the "same fa-

tal flaws and *adds* to Plaintiffs' pleading inadequacies." *See Defendants' Reply*, at 1. Specifically, defendants contend plaintiffs: (1) mischaracterize public filings as containing "admissions" not found in the disclosures; (2) employ "puzzle pleading" to "obscure a lack of specification as to the falsity of each alleged statement"; and (3) fail to adequately set forth the basis for plaintiffs' information and belief on which their claims are founded. Because of these pleading inadequacies in the face of controlling Fifth Circuit precedent, defendants seek dismissal with prejudice of plaintiffs' claims.

## II. Analysis

To state a claim for securities fraud under Section 10(b) of the Exchange Act and Rule 10b–5, plaintiff must plead a material misstatement or omission made with scienter on which plaintiff relied and proximately caused plaintiff's injury. *See Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 406 (5th Cir.2001), *citing Tuchman v. DSC Commun. Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994); 15 U.S.C. § 78j(b). Plaintiff must come forward with specific supporting factual allegations, not mere conclusory allegations or mischaracterizations of defendants' actual statements. *Melder v. Morris*, 27 F.3d 1097, 1101–02 (5th Cir. 1994). Under PSLRA, the complaint must specify (1) each alleged statement or omitted statement of material fact, (2) the reason(s) why the statement or omission is misleading, and (3) if the allegation is based on information and belief, the particular facts on which the belief is based. 15 U.S.C. § 78u–4(b)(1).

■ "Scienter" in this context is defined as a "mental state embracing intent to deceive, manipulate, or defraud." *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430 (5th Cir.2002), *citing Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). To allege scienter, plaintiff must "state with particularity facts giving rise to a strong inference" that defendants acted with the required mental state. *Abrams*, 292 F.3d at 430; 15 U.S.C. § 78u–4(b)(2). In *Zonagen*, the Fifth Circuit continued pre-PSLRA precedent by holding that "severe recklessness" can supply the scienter necessary for securities fraud. *Abrams*, 292 F.3d at 430; *Zonagen*, 267 F.3d at 408–09. "Severe recklessness" applies only to a very narrow spectrum of "highly unreasonable omissions or misrepresentations that involve not merely simply or even inexcusable negligence, but an extreme departure from the standard of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it." *Zonagen*, 267 F.3d at 408, *citing Broad v. Rockwell Int'l Corp.*, 642 F.2d 929, 961–62 (5th Cir.1981). Accordingly, mere allegations of motive and opportunity are insufficient to meet the burden of pleading scienter, though these same allegations may buttress other allegations. *Abrams*, 292 F.3d at 431.

In *Zonagen*, the Fifth Circuit strictly interpreted FED. R. CIV. P. Rule 9(b) when examining whether a plaintiff has plead fraud with particularity, requiring plaintiff "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Zonagen*, 267 F.3d at 412. At the same time, the Circuit noted that a district court should not merely consider each factual allegation in isolation, but rather should consider whether the allegations, when taken as a whole, create a strong inference of scienter as defined above. *Id.* at 424–25.

In their motion to dismiss, defendants first argue plaintiffs have failed to plead with particularity the basis for their belief

as to their allegations. *Defendants' Reply,* at 2. Furthermore, defendants contend plaintiffs have failed to offer specific facts as to the nature of each defendant's alleged misstatement or misconduct and/or an accompanying explanation of why the statement in question was fraudulent. *Id.* at 3–4. Specifically, defendants contend plaintiffs complaint amounts to "puzzle pleading" by stringing together "long sequences of alleged disclosures occurring over extended periods" with a boilerplate allegation that the statements were false or misleading when made. *Id.* at 3; *see Williams v. WMX Techs., Inc.,* 112 F.3d 175, 178 (5th Cir.1997)(describing this approach to pleading as "not an uncommon mask for an absence of detail").

Turning to the merits, if any, of plaintiffs' claims, defendants allege plaintiffs have failed to plead any actionable misrepresentations or omissions, arguing that (1) corporate mismanagement is not actionable under federal securities law, and (2) pcOrder disclosed all relevant information alleged to be omitted, and had no duty to disclose any additional information. *Id.* at 4–5. In particular, defendants assert pcOrder adequately disclosed its reliance on Trilogy for financial services during the period in question and that pcOrder's reported and audited financial statements were timely.

█ While plaintiffs point to several sources of information they allege misrepresented the financial health of pcOrder, such as reports by Credit Suisse First Boston (CSFB) and S.G. Cowen, there are no specific factual allegations—only conclusory statements—to persuade the Court these defendants should be held liable for any investor action based upon these re-

ports. *See generally Plaintiffs' First Amended Complaint,* ¶¶ 40–63; *see In re Syntex Corp. Sec. Litig.,* 95 F.3d 922, 934 (9th Cir.1996). Also, defendants correctly argue plaintiffs fail to identify a single instance in which pcOrder's released financial data was incorrect. Plaintiffs, however, vigorously assert pcOrder failed to disclose defendant Liemandt's control over the company, and that pcOrder instead falsely portrayed defendants Cooley and Jones as having substantial roles in controlling the daily operations of the company. *Id.* at 33–34. In addition, plaintiffs contend pcOrder failed to disclose adequately the company's numerous product-related sales difficulties, and the status of Trilogy as a competitor to pcOrder. *Id.* at 34–36. After reviewing plaintiffs' first amended complaint, even when construing the allegations in favor of plaintiffs as the nonmoving parties, the Court concurs with defendants' characterization of plaintiffs' complaint as lacking the requisite specificity pursuant to FED. R. CIV. P. Rule 9(b) as well as the Exchange Act of 1934.[2]

Defendants also argue plaintiffs have failed to state a claim against the individual defendants; the Court thus analyzes the sufficiency of pleadings against each individual defendant below. As a general matter, plaintiffs allege each defendant knew or had access to material, adverse, nonpublic information about pcOrder's financial outlook, and "directly or indirectly participated" in drafting, reviewing and/or approving the statements and reports alleged to be misleading or false. *Id.* at 49. Inspecting this "buckshot" pleading approach more carefully, the Court finds few specific claims, if any, against each defendant. Plaintiffs attribute no statements to defendants Thompson, Liemandt[3], and

**2.** As plaintiffs did not file any supplemental pleading to defend the amended complaint from the assertions in defendants' reply to the motion to dismiss, the Court *sua sponte* reviewed plaintiffs' amended complaint to assess the validity of defendants' assertions.

**3.** Defendants contend plaintiffs' claims against defendant Liemandt are time-barred,

Luttenbacher, other than the general allegation stated above. The record contains only one statement made by defendant Jones, made in an interview with CNN, in which plaintiffs allege she failed to expressly state Trilogy was a competitor of pcOrder's. *Id.* at 38. Jones did state, however, that pcOrder had a number of competitors in the industry while merely stating positive features of pcOrder's market position. As for defendant Cooley, plaintiffs point to select passages from press releases as examples of allegedly false, misleading statements, but again fail to demonstrate how the statements were either false or misleading. Accordingly, the Court concurs with defendants in finding that plaintiffs have failed to state a claim against the individual defendants.

Finally, defendants contend plaintiffs have failed to meet the burden required to plead scienter as required by the PSLRA. As discussed above, "scienter" is defined in this Circuit as a "mental state embracing intent to deceive, manipulate, or defraud." *Abrams v. Baker Hughes Inc.,* 292 F.3d 424, 430 (5th Cir.2002), *citing Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). To allege scienter, plaintiffs must "state with particularity facts giving rise to a strong inference" that defendants acted with the required mental state. *Abrams,* 292 F.3d 424, 430 (5th Cir.2002); 15 U.S.C. § 78u–4(b)(2). Of course, the Court may find "severe recklessness" on the part of defendants to meet plaintiffs' scienter burden, but this narrow standard is available only to extraordinary situations beyond inexcusable negligence. *See Zonagen,* 267 F.3d 400, 408 (5th Cir.2001).

■ In this case, plaintiffs have not explicitly plead either scienter or severe recklessness, but insinuate that defendants acted with the requisite mental state because of defendants' respective positions within pcOrder and their lucrative stock sales in 1999 before pcOrder's shares plummeted in value in 2000. Accordingly to prevailing authority in this Circuit, though, mere allegations of motive and opportunity cannot provide a sufficient basis for pleading scienter. *Abrams,* 292 F.3d at 431. It is true that motive and opportunity may buttress other allegations but, as the Court has addressed above, plaintiffs' complaint is sorely lacking in specific factual allegations for which defendants may be found liable under the 1934 Exchange Act. After reviewing the record as a whole, therefore, the Court finds that plaintiffs have failed to plead sufficient, particular factual allegations to support the scienter pleading requirement. *See Abrams,* 292 F.3d at 431.

■ As a final matter, defendants argue dismissal with prejudice is appropriate. Generally, this Court disfavors dismissal with prejudice when a plaintiff has failed to state a cognizable claim, and the decision on whether to allow amendments to pleadings in within this Court's discretion. *See Avatar Exploration, Inc. v. Chevron, U.S.A.,* 933 F.2d 314 (5th Cir. 1991). In this case, plaintiffs have had the opportunity to file an original complaint as well as an amended complaint. Furthermore, plaintiffs have not attempted to amend their live pleading in the many months after defendants' reply to the pending motion to dismiss highlighted potential inadequacies in their complaint.

as Rule 10b–5 claims must be filed within one year of notice—actual or constructive—of facts constituting the violation. *See* 15 U.S.C. § 78i(e). Because the Court is dismissing plaintiffs' claims with prejudice on other grounds, and because the time-bar issue has not been fully briefed by the parties, the Court does not address the time-bar argument at this time.

After reviewing the entire record, the Court finds further amendment of pleadings would be fruitless and would not be an efficient use of either the parties' or the Court's resources, and thus finds that dismissal with prejudice is appropriate.[4]

In accordance with the foregoing, the Court enters the following:

IT IS ORDERED that defendants' Motion to Dismiss [# 30] is GRANTED, and plaintiffs' claims against all defendants are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that any and all remaining pending motions before this Court are DISMISSED AS MOOT.

---

4. "Two bites at the apple is more than adequate opportunity to plead an action, if one exists, under the applicable law." *Calliott v.*

*HFS, Inc.*, 2000 WL 351753 (N.D.Tex. Mar.31, 2000).